IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KING MICHAEL OLIVER,[1] *also known as* MICHAEL OLIVER, #B89925, | )<br>)<br>) |
| Plaintiff, | ) |
| vs. | ) Case No. 19-cv-00559-NJR |
| ANDREW SABENS, IDOC, SGT. MORELAND, C/O WITT, C/O HUBER, MONTE RICHIE, C/O WELLS, SGT. MELON, J. SAMS, and WARDEN, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Michael Oliver, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Graham Correctional Center ("Graham"), brings this civil rights action pursuant to 42 U.S.C. § 1983 for constitutional deprivations that occurred in connection with his two arrests in April 2019 and his subsequent incarceration. (Doc. 1). He seeks immediate release from confinement. (*Id*. at pp. 1-90).

---

[1] Although Plaintiff refers to himself as "King" Michael Oliver, the IDOC inmate locator identifies Plaintiff as "Michael Oliver." https://www2.illinois.gov/idoc/offender/pages/inmatesearch.aspx (last visited May 31, 2019). *See also Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases).

1

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**The Complaint**

In the Complaint, Plaintiff alleges that his constitutional rights have been violated in connection with: (a) his two April 2019 arrests in Carbondale and Caseyville, Illinois; (b) his detention following the first arrest at Jackson County Jail; (c) his detention following his second arrest at St. Clair County Jail; and (d) his current confinement at Graham Correctional Center. (Doc. 1, pp. 1-8). He describes some of these constitutional deprivations with particularity and leaves others to the Court's imagination—assuring the Court that "ALL the blanks will be filled in later." (*Id.* at p. 3).

For example, the Complaint addresses a false arrest claim against Carbondale Officer Andrew Sabens (*Id.* at pp. 1-3); an entrapment claim against Caseyville Police Department (*Id.* at p. 4); an "actual innocence" claim against IDOC for revoking Plaintiff's parole based on "bogus" warrants and arrests (*Id.* at p. 1); several claims against unidentified IDOC employees who Plaintiff "may or may not be adding [as defendants] depending on whether he/she violated the law" (*Id.*); claims against Sergeant Moreland, Sergeant Melton, Officer Wells, and Officer Witt for requiring inmates at Graham to take cold showers (*Id.* at pp. 1-2); a retaliation claim against Officer Huber whom Plaintiff refers to as the "executioner" (*Id.* at p. 5); a claim against an unidentified "[w]arden" for ignoring Plaintiff's emergency grievances (*Id.*); numerous conditions-of-

confinement and access-to-courts claims against Graham officials (*Id.* at p. 4); and an attempted murder claim against Officer Huber and "others" for a poisoning incident that occurred on May 21, 2019 (*Id.* at p. 5). Plaintiff also refers to claims of false imprisonment, defamation of character, deprivation of rights under color of law, conspiracy to commit murder, theft of property, and violations of due process without naming a defendant in connection with the claims. (*Id.* at p 7). Plaintiff asserts that his life is in danger, and he requests immediate release. (*Id.* at pp. 7-8).

## Discussion

At the outset, this Court must independently evaluate the substance of Plaintiff's claims to determine if the correct statute—in this case 42 U.S.C. § 1983—is being invoked. *Godoski v. United States*, 304 F.3d 761, 763 (7th Cir. 2002); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (dismissing Section 1983 claims that should have been brought as petitions for writ of habeas corpus). A petition for a writ of habeas corpus is the proper route "[i]f the prisoner is seeking what can fairly be described as a quantum change in the level of custody-whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation." *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991). If a prisoner "is seeking a different program or location or environment, then he is challenging the conditions rather than the fact of confinement and his remedy is under civil rights law." *Id.*; *see also Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999). Plaintiff challenges *both* the fact of and the conditions of his confinement.

To the extent he challenges the fact of his confinement and seeks immediate release, Plaintiff has a single federal remedy—a petition for writ of habeas corpus. *Preiser*, 411 U.S. at 500. Section 1983 provides him with no avenue to this relief. He cannot pursue his request for immediate release in this action.

To the extent Plaintiff challenges the conditions of his confinement or other violations of his constitutional rights by state actors, he may pursue a request for equitable or monetary relief

3

under Section 1983. He cannot do so using the instant Complaint, however, because it violates Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). Rule 8(d) requires "simple, concise, and direct" allegations. FED. R. CIV. P. 8(d)(1). The purpose of these rules is to "give defendants fair notice of the claims against them and the grounds for supporting the claims." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (citation omitted); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). There is nothing simple, concise, or direct about Plaintiff's Complaint. It consists of a list of miscellaneous violations of his rights. He relies on vague references to some of these violations and includes long narratives describing others. Simply put, the Complaint lacks focus and clarity.

The Complaint also violates the rules of joinder. FED. R. CIV. P. 18-21. Plaintiff combines all of his grievances arising in Carbondale, Caseyville, Jackson County Jail, St. Clair County Jail, and Graham Correctional Center into a single Complaint. But his claims involve different defendants, arise from separate transactions or occurrences, share no common questions of fact, and focus on different legal theories. Therefore, they cannot proceed together in the same suit. *See* FED. R. CIV. P. 18, 20(a)(2); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Wheeler v. Talbot*, 695 F. App'x 151 (7th Cir. 2017); *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017). Plaintiff must instead pursue related claims against a single group of defendants in his Complaint.

Plaintiff is in the best position to decide which claims he will pursue and whether he will pursue relief in this Section 1983 action, a separate habeas action, or both. For this reason, the Complaint shall be dismissed without prejudice and with leave to amend. The Clerk of Court will be directed to provide Plaintiff with a blank civil rights complaint form and a standard petition for writ of habeas corpus. Plaintiff will be given 28 days to prepare and file an amended complaint in

this case, if he wishes to pursue any claims under Section 1983. Failure to do so will result in dismissal of this Section 1983 action with prejudice.

**Disposition**

The Clerk of Court is **DIRECTED** to add "*also known as* **Michael Oliver**" to Plaintiff's name on the docket in the Case Management/Electronic Case Filing ("CM/ECF") system. The Clerk is also **DIRECTED** to provide Plaintiff with this Court's standard civil rights complaint form and petition for writ of habeas corpus.

**IT IS ORDERED** that the Complaint is **DISMISSED** without prejudice for violation of Rule 8 of the Federal Rules of Civil Procedure. Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **July 1, 2019**, if he wishes to pursue a request for equitable relief or money damages in this Section 1983 action. Should Plaintiff fail to file a First Amended Complaint within the allotted time or consistent with the instructions in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as a "strike" under 28 U.S.C. § 1915(g).

If he does choose to proceed with this action, it is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form "First Amended Complaint" and use the case number for this action (No. 19-cv-000559-NJR).

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a First Amended Complaint. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.

**DATED:  6/3/2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**